UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHRYN LYTTLE,<br>    Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL ENTERTAINMENT-<br>TWEETER CENTER, SFX ENTERTAINMENT,<br>INC., GALLAGHER BASSETT SERVICES,<br>INC. AND AEGIS SECURITY,<br>    Defendants. | DOCKET NO: 04CV11480-WGY |

**MOTION OF DEFENDANTS, CLEAR CHANNEL ENTERTAINMENT-TWEETER CENTER, SFX ENTERTAINMENT, INC. AND GALLAGHER BASSETT SERVICES, INC. TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and pursuant to Local Rule 7.1, the defendants, Clear Channel Entertainment-Tweeter Center, SFX Entertainment, Inc. and Gallagher Bassett Services, Inc. (hereinafter collectively refer to as "Defendants") hereby move this Honorable Court dismiss the plaintiff's Complaint on the grounds that the United States District Court for the District of Massachusetts lacks jurisdiction over the subject matter of this case. Alternatively, but for the same reasons, the Court should enter judgment as a matter o law dismissing the plaintiff's Complaint pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. As grounds for this motion, the Defendants state as follows:

The plaintiff filed this action in order to recover damages from the Defendants for personal injuries sustained on or about July 19, 2001 while attending a Tim McGraw concert at the Tweeter Center for the Performing Arts in Mansfield, Massachusetts. Where the plaintiff's claims do not arise under the constitution, laws or treaties of the United States, jurisdiction in the

District Court requires diversity of citizenship and satisfaction of the amount in controversy requirement set forth in 28 U.S.C. § 1332.

The Court does not need to look any further than the first two allegations set forth in the plaintiff's Complaint to determine that the diversity of citizenship requirement necessary for jurisdiction in the District Court is lacking, because both the plaintiff and the defendant, Aegis Security, are alleged to reside in Massachusetts. In fact, Aegis is a Massachusetts corporation. Accordingly, the absence of complete diversity compels a finding that the plaintiff has not met the threshold requirements to maintain an action in the District Court and, therefore, warrants dismissal of the plaintiff's Complaint in its entirety as a matter of law.

In further support of this motion, the Defendants refer the Court to the accompanying Memorandum of Law filed herewith.

WHEREFORE, the Defendants, Clear Channel Entertainment-Tweeter Center, SFX Entertainment, Inc. and Gallagher Bassett Services, Inc., respectfully request that his Honorable Court dismiss the plaintiff's Complaint in its entirety, or enter judgment as a matter of law in their favor, together with such other relief as the Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT – LOCAL RULE 7.1(D)**

Respectfully submitted
CLEAR CHANNEL ENTERTAINMENT, SFX ENTERTAINMENT, INC. AND GALLAGHER BASSETT SERVICES, INC.
By their attorneys,

**MORRISON MAHONEY LLP**

/s/ William A. Schneider

William A. Schneider, BBO #636421
250 Summer Street
Boston, MA 02210
(617) 439-7573