UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHRYN LYTTLE,<br>    Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL ENTERTAINMENT-<br>TWEETER CENTER, SFX ENTERTAINMENT,<br>INC., GALLAGHER BASSETT SERVICES,<br>INC. AND AEGIS SECURITY,<br>    Defendants. | DOCKET NO: 04CV11480-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS' CLEAR CHANNEL ENTERTAINMENT-TWEETER CENTER, SFX ENTERTAINMENT, INC. AND GALLAGHER BASSETT SERVICES, INC. TO DISMISS THE PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

The Defendants, Clear Channel Entertainment-Tweeter Center, SFX Entertainment, Inc. and Gallagher Bassett Services, Inc., seek dismissal of the plaintiff's Complaint pursuant to the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, alternatively, summary judgment pursuant to Rule 56, where the plaintiff has failed to satisfy the necessary jurisdictional requirements to maintain the present case in the United States District Court in accordance with the provisions of 28 U.S.C. § 1332(a).

**II.   CONCISE STATEMENT OF MATERIAL FACTS – LOCAL RULE 56.1**

    1.   On or about June 29, 2004, the plaintiff filed a Complaint in the United States District Court for the District of Massachusetts seeking to recover damages for personal injury allegedly sustained on July 19, 2001, when the plaintiff was assaulted while attending a Tim

McGraw concert at the Tweeter Center for the Performing Arts in Mansfield, Massachusetts. (*See* Complaint, a true copy attached hereto as Exhibit A).

2.      Paragraph 1 of the plaintiff's Complaint alleges that "[t]he plaintiff, Cathryn Lyttle, resides at 28 Dartmouth Street, Maynard, Massachusetts 01754, County of Middlesex." (Exhibit A).

3.      Paragraph 2 of the plaintiff's Complaint alleges that "[t]he defendant, Aegis Security is located at 280 Lincoln Street, Brighton, Massachusetts, County of Suffolk." (Exhibit A).

4.      Aegis Protection Group, Incorporated is a Massachusetts corporation organized on June 15, 1990. (*See* Affidavit of William A. Schneider, attached hereto as Exhibit B).

### III.    ARGUMENT

The District Court lacks subject matter jurisdiction over this matter because the plaintiff's allegations fail to satisfy the diversity requirements set forth in 28 U.S.C. § 1332(a). "In order to establish federal diversity jurisdiction, the diversity of citizenship must be complete." <u>Barrows v. Robson</u>, 993 F. Supp. 17, 18 (D. Mass. 1997). Section 1332 provides that Federal District Courts have original jurisdiction when the matter in controversy exceeds $75,000 <u>and</u> is between citizens of different states. 28 U.S.C. § 1332(a). Subsection (c)(1) of § 1332 states that a corporation is to be treated as a citizen of any state in which it is incorporated and of the state in which it has it principal place of business.

Where District Court's subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 requires complete diversity, which means that no plaintiff can be a citizen of the same state of any of the party defendants. <u>Charles Dowd Box Co. v. Fireman's Fund Ins. Co.</u>, 303 F 2d 57, 59 (1st Cir. 1962). Under this principle, the plaintiff's Complaint fails as a matter of

law based upon the allegations asserted therein. The plaintiff alleges that she is a resident of Massachusetts. She further alleges that the defendant, Aegis Security is a resident of Massachusetts. Aegis Security is a Massachusetts corporation. Consequently, the plaintiff's allegations fails to establish complete diversity between herself and all of the party defendants. Therefore, the District Court lacks subject matter jurisdiction over this case, and should dismiss the plaintiff's Complaint in its entirety or, alternatively, enter judgment as a matter of law in favor of the moving defendants.

## IV.    CONCLUSION

Where the allegations on the face of the plaintiff's Complaint fail to establish complete diversity between the parties, the moving Defendants request that the Court dismiss the plaintiff's Complaint, in its entirety, for failure to comply with the provisions of 28 U.S.C. § 1332, together with such other relief as the Court deems just and proper.

Respectfully submitted
CLEAR CHANNEL ENTERTAINMENT-
TWEETER CENTER, SFX
ENTERTAINMENT, INC. AND
GALLAGHER BASSETT SERVICES, INC.
By their attorneys,

**MORRISON MAHONEY LLP**

/s/ William A. Schneider
_____
William A. Schneider, BBO #636421
250 Summer Street
Boston, MA  02210
(617) 439-7573