UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHRYN LYTTLE,<br>    Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL ENTERTAINMENT-<br>TWEETER CENTER, SFX ENTERTAINMENT,<br>INC., GALLAGHER BASSETT SERVICES,<br>INC. AND AEGIS SECURITY,<br>    Defendants. | DOCKET NO: 04CV11480WGY |

## ANSWER AND JURY DEMAND OF DEFENDANTS, CLEAR CHANNEL ENTERTAINMENT-TWEETER CENTER, AND SFX ENTERTAINMENT, INC. TO PLAINTIFF'S CATHRYN LYTTLE COMPLAINT

Now come the Defendants, Clear Channel Entertainment-Tweeter Center and SFX Entertainment, Inc., (hereinafter collectively referred to as "Defendants"), and by and through their attorneys, hereby answer the plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Defendants state that the plaintiff's Complaint fails to state a claim against the Defendants both collectively and individually upon which the court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 8(b) and (c) of the Federal Rules of Civil Procedure, the Defendants hereby respond to the allegations set forth in the plaintiff's Complaint, paragraph by paragraph, as follows:

### PARTIES

1.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the plaintiff's Complaint.

2. The Defendants deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendants deny the allegations contained in Paragraph 3 of the plaintiff's Complaint.

4. The Defendants deny the allegations contained in Paragraph 4 of the plaintiff's Complaint.

5. The Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## **FACTS**

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the plaintiff's Complaint.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the plaintiff's Complaint.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the plaintiff's Complaint.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15. The Defendants deny the allegations contained in Paragraph 15 of the plaintiff's Complaint.

## COUNT ONE

### Negligence Against All Named Defendants

16. The Defendants restate and reallege the responses contained in Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. The Defendants deny all of the allegations contained in Paragraph 17 of the plaintiff's Complaint.

## COUNT II

### Intentional, Negligent Infliction of Emotional Distress Against All Named Defendants

18. The Defendants restate and reallege the responses contained in Paragraphs 1 through 17 of this Answer as if fully set forth herein.

19. The Defendants deny the allegations contained in Paragraph 19 of the plaintiff's Complaint.

WHEREFORE, the Defendants, Clear Channel Entertainment-Tweeter Center, and SFX Entertainment, Inc., demand judgment enter against the plaintiff dismissing her Complaint, and awarding said Defendants their costs of defending this action, together with such other relief as the court deems just and proper.

**JURY DEMAND**

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**THIRD DEFENSE**

By way of the affirmative defense, the Defendants state that if the plaintiff suffered injuries or damage as alleged in the Complaint, such injuries or damage were caused by someone for whose conduct the Defendants were not and are not legally responsible.

**FOURTH DEFENSE**

By way of affirmative defense, the Defendants state that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the Defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with G.L. ch. 231, sec. 85.

**FIFTH DEFENSE**

By way of affirmative defense, the Defendants state that the negligence of the plaintiff was greater than the alleged negligence of the Defendants, and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under G.L. ch. 231, sec. 85.

**SIXTH DEFENSE**

By way of affirmative defense, the Defendants state that the plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the Commonwealth of Massachusetts and, therefore, cannot maintain this action.

**SEVENTH DEFENSE**

By way of affirmative defense, the Defendants state that the plaintiff has failed to mitigate her damages and, therefore, cannot recover.

### EIGHTH DEFENSE

By way of affirmative defense, the Defendants state that a superseding and/or intervening event broke the chain of causation and, therefore, the plaintiff cannot recover.

### NINTH DEFENSE

By way of affirmative defense, the Defendants state that the plaintiff's participation in the events alleged in the plaintiff's Complaint was voluntary and with full knowledge that her participation might result in injuries and, therefore, the plaintiff cannot recover.

### TENTH DEFENSE

By way of affirmative defense, the Defendants state that the plaintiff assumed the risk of injury by her participation in the events alleged in the plaintiff's Complaint.

### ELEVENTH DEFENSE

By way of affirmative defense, the Defendant, Clear Channel Entertainment-Tweeter Center, states that no such legal entity exists and, therefore, it owed the plaintiff no legal duty.

### TWELFTH DEFENSE

By way of affirmative defense, the Defendants state that the plaintiff's Complaint must fail for her failure to comply with the provisions of G.L. c.231, §60J.

### THIRTEENTH DEFENSE

By way of affirmative defense, the Defendant, SFX Entertainment, Inc., states that on July 19, 2001, that it neither owned, controlled, nor had the right to control the operation and management of the Tweeter Center for the Performing Arts and, therefore, owed the plaintiff no legal duty.

### FOURTEENTH DEFENSE

By way of affirmative defense, the plaintiff has failed to name indispensable party to this action.

FIFTEENTH DEFENSE

By way of affirmative defense, the Defendants state that on July 19, 2001, that Aegis Protection Group, Inc. was the security contractor responsible for providing security at the Tweeter Center for the Performing Arts and, therefore, to the extent that the plaintiff alleged injuries arose out of the negligent acts, errors or omissions of Aegis Protection Group, Inc., then the Defendants can not be liable for any actual or alleged negligent acts, errors or omissions on the part of Aegis Protection Group, Inc.

JURY DEMAND

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
CLEAR CHANNEL ENTERTAINMENT-TWEETER CENTER AND SFX ENTERTAINMENT, INC.,
By their attorneys,

**MORRISON MAHONEY LLP**

/s/ William A. Schneider
_____
William A. Schneider, BBO #636421
250 Summer Street
Boston, MA 02210
(617) 439-7573

CERTIFICATE OF SERVICE

I, William A. Schneider, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, upon the attorney of record for each party on September 8, 2004.

/s/ William A. Schneider
_____
William A. Schneider