UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHRYN LYTTLE,<br>      Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL ENTERTAINMENT-<br>TWEETER CENTER, SFX ENTERTAINMENT,<br>INC., GALLAGHER BASSETT SERVICES,<br>INC. AND AEGIS SECURITY,<br>      Defendants. | DOCKET NO: 04CV11480WGY |

**ANSWER AND JURY DEMAND OF DEFENDANT, GALLAGHER BASSETT SERVICES, INC., TO PLAINTIFF'S CATHRYN LYTTLE COMPLAINT**

Now come the Defendant, Gallagher Bassett Services, Inc., (hereinafter "Defendant"), and by and through its attorneys, hereby answer the plaintiff's Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

The Defendant states that the plaintiff's Complaint fails to state a claim against the Defendant both collectively and individually upon which the court can grant relief.

SECOND AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 8(b) and (c) of the Federal Rules of Civil Procedure, the Defendant hereby responds to the allegations set forth in the plaintiff's Complaint, paragraph by paragraph, as follows:

**PARTIES**

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the plaintiff's Complaint.

2. The Defendant denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant denies the allegations contained in Paragraph 3 of the plaintiff's Complaint.

4. The Defendant denies the allegations contained in Paragraph 4 of the plaintiff's Complaint.

5. The Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## **FACTS**

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the plaintiff's Complaint.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the plaintiff's Complaint.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the plaintiff's Complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the plaintiff's Complaint.

## COUNT ONE

### Negligence Against All Named Defendant

16. The Defendant restates and realleges the responses contained in Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. The Defendant denies all of the allegations contained in Paragraph 17 of the plaintiff's Complaint.

## COUNT II

### Intentional, Negligent Infliction of Emotional Distress Against All Named Defendant

18. The Defendant restates and realleges the responses contained in Paragraphs 1 through 17 of this Answer as if fully set forth herein.

19. The Defendant denies the allegations contained in Paragraph 19 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Gallagher Bassett Services, Inc., demands judgment enter against the plaintiff dismissing her Complaint, and awarding said Defendant its costs of defending this action, together with such other relief as the court deems just and proper.

**JURY DEMAND**

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**THIRD DEFENSE**

By way of the affirmative defense, the Defendant states that if the plaintiff suffered injuries or damage as alleged in the Complaint, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

**FOURTH DEFENSE**

By way of affirmative defense, the Defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the Defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with G.L. ch. 231, sec. 85.

**FIFTH DEFENSE**

By way of affirmative defense, the Defendant states that the negligence of the plaintiff was greater than the alleged negligence of the Defendant, and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under G.L. ch. 231, sec. 85.

**SIXTH DEFENSE**

By way of affirmative defense, the Defendant states that the plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the Commonwealth of Massachusetts and, therefore, cannot maintain this action.

**SEVENTH DEFENSE**

By way of affirmative defense, the Defendant states that the plaintiff has failed to mitigate her damages and, therefore, cannot recover.

## EIGHTH DEFENSE

By way of affirmative defense, the Defendant states that a superseding and/or intervening event broke the chain of causation and, therefore, the plaintiff cannot recover.

## NINTH DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's participation in the events alleged in the plaintiff's Complaint was voluntary and with full knowledge that her participation might result in injuries and, therefore, the plaintiff cannot recover.

## TENTH DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff assumed the risk of injury by her participation in the events alleged in the plaintiff's Complaint.

## ELEVENTH DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's Complaint must fail for her failure to comply with the provisions of G.L. c.231, §60J.

## TWELFTH DEFENSE

By way of affirmative defense, the Defendant, Gallagher Bassett Services, Inc., states that on July 19, 2001, that it neither owned, controlled, nor had the right to control the operation and management of the Tweeter Center for the Performing Arts and, therefore, owed the plaintiff no legal duty.

## THIRTEENTH DEFENSE

By way of affirmative defense, the plaintiff has failed to name indispensable party to this action.

## **JURY DEMAND**

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
GALLAGHER BASSETT SERVICES, INC.,
By its attorneys,

**MORRISON MAHONEY LLP**

/s/ William A. Schneider
_____
William A. Schneider, BBO #636421
250 Summer Street
Boston, MA  02210
(617) 439-7573

<b><u>CERTIFICATE OF SERVICE</u></b>

I, William A. Schneider, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, upon the attorney of record for each party on September 8, 2004.


/s/ William A. Schneider
_____
William A. Schneider